# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MEREDITH MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| *v.* | ) | |
| | ) | Case No. 6:25-cv-145-JAR |
| VISION BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This is an employment discrimination action involving claims asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq*., and Oklahoma public policy. Before the Court is the motion for summary judgment, [Dkt. 75], filed by defendant Vision Bank (the "Bank") pursuant to Fed. R. Civ. P. 56(a). Plaintiff Meredith Murphy ("Murphy") timely responded in opposition, [Dkt. 78], and the Bank replied, [Dkt. 79]. For the reasons set forth below, the motion is DENIED.

### I. GOVERNING LEGAL STANDARDS

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries that burden, the nonmovant must "set forth specific facts" from which a rational trier of fact could find in its favor, and

"the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* at 671.

Both the Federal Rules of Civil Procedure and this District's Local Civil Rules require the parties to tie each factual assertion to the record. A party asserting that a fact is, or cannot be, genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). The movant's brief must begin with a statement of material facts in concise, numbered paragraphs. LCvR 56.1(b). The nonmovant's brief must respond to those facts in correspondingly numbered paragraphs. LCvR 56.1(c). In both cases, "[e]ach individual statement … shall be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position." LCvR 56.1(d). These rules are not mere formalities. Local rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Woods Contr. Co v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)). District courts also receive "considerable deference" in interpreting and applying their own rules of practice and procedure. *Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009); *Hernandez v. George*, 793 F.2d 264, 267 (10th Cir. 1986).

## II. THE PARTIES' BRIEFING DEFICIENCIES

Both parties' briefs fall short of these requirements. The Bank's "Statement of Undisputed Material Facts" miscites deposition locations, misquotes testimony, and cites deposition pages not contained in the record. [Dkt. 75, ¶ 5 ("Ex. 3 p. 42:20-22

("We have a lot of employees here that have minor children.")"), ¶ 6 ("Id. pp. 15:6-16:4"), ¶ 16 ("Ex. 2 p. 143:17-4"), ¶ 21 ("Ex. 1 p. 23:17-19"), ¶ 46 ("Ex. 3 pp. ... 38:24-40:6"), ¶ 49 ("Ex. 2 p. 183:4-16"), ¶ 58 ("Ex. 2 pp. 13:16-19"), ¶ 70 ("Ex. 5 pp. 71:24-72:2"), ¶ 84 ("Ex. 1 pp. 54:7-55:15" and "Ex. 1 p. 55:6-9"), ¶ 117 ("Ex. 2 pp. ... 78:-90:19")]. The statement also duplicates paragraphs 35 through 37. [*Id.* at 14-15]. Murphy's response likewise cites deposition pages and exhibits absent from the record, [Dkt. 78, ¶ 26 ("*Id.* p. 32:20-23"), ¶ 29 ("*Id.* at ... Ex. 10"), ¶ 35 ("Ex. 2, at Ex. 17 p. 5"), ¶ 40 ("Ex. 2, p. 154:18-23"), ¶ 44 ("*Id.* at Ex. 18"), ¶ 45 ("*Id.* p. Ex. 18")], and gives no record citations for several of the facts she disputes, [*id.* ¶¶ 35, 36, 71, 74, 76, 80, 84, 86, 90, 97, 106, 113]. These deficiencies violate LCvR 56.1(d) and Fed. R. Civ. P. 56(c)(1)(A).

## III. DISCUSSION

The parties, not the Court, are responsible for identifying the relevant facts and supporting them with specific record citations. *See* Fed. R. Civ. P. 56(c)(1)(A); LCvR 56.1(d). "It is not [the Court's] role to sift through the record to find evidence not cited by the parties to support arguments they have not made." *Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009). "Without a specific reference, '[the Court] will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury." *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (quoting *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992)). When a party fails to cite the "particular parts" of the record that support its argument, the district court

is "under no obligation to parse through the record to find the uncited materials." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020) (quotation omitted); *see also Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (it is the responding party's burden "to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record"); Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials …").

A district court "has discretion to go beyond the referenced portions of these materials, but is not required to do so." *Adler*, 144 F.3d at 672. "If the rule were otherwise, the workload of the district courts would be insurmountable and summary judgment would rarely be granted." *Mitchell v. City of Moore*, *Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 672). The Tenth Circuit has also warned against the very role the parties' briefing would require the Court to take on:

> No matter how often they are made to feel the part, our brothers and sisters on the district court bench should not be cast in the role of stage director of the litigation drama—forced to prod the actors through rehearsals until the proper performance is achieved. To do so would not only consume an inordinate amount of time, but would result in courts abandoning their neutrality and becoming advocates in the adversarial process. We will not sanction such a transformation.

*Mitchell*, 218 F.3d at 1199.

Those principles require denial of the Bank's motion. Because the Bank bears the initial burden, the defects in its statement of facts weigh more heavily. Its statement repeatedly cites testimony that does not appear at the cited location or is not in the record at all. The Court therefore cannot decide whether the Bank has made a prima facie showing of entitlement to judgment without doing the record search that *Cordova*, *Gross*, and *Mitchell* discourage. Murphy's own deficiencies do

not change that result. Her noncompliance would normally allow the Court to treat the Bank's facts as undisputed. *See* LCvR 56.1(e); Fed. R. Civ. P. 56(e)(2). But the Court may accept as true only those "material facts asserted and properly supported in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Rule 56(e) also authorizes the Court to "issue any other appropriate order" when parties fail to properly support or address assertions of fact. Fed. R. Civ. P. 56(e)(4). The Court declines to act as advocate by combing the more than 400-page record to rescue arguments that neither party has properly presented. *See Adler*, 144 F.3d at 672; *Mitchell*, 218 F.3d at 1199.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Vision Bank's motion for summary judgment, [Dkt. 75], is hereby **DENIED**.

DATED this 20th day of October, 2026.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE